UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

                                    Chapter 7

       NAOMI HULL,

                                    Case No.:  05-28281-ess

               Debtor.

-----------------------------------------------------------x

### MEMORANDUM DECISION GRANTING THE
### DEBTOR'S MOTION TO DISMISS

Before the Court is the motion dated December 11, 2005, of Naomi Hull, the above-captioned debtor (the "Debtor") to dismiss her Chapter 7 case, or in the alternative, to convert this Chapter 7 case to a case under Chapter 13 (the "Motion"), and the opposition to the Motion filed by Robert J. Musso, as Chapter 7 trustee (the "Trustee") of the Debtor's estate (the "Opposition").  On January 17, 2006, a hearing was held on the Motion (the "January 17 Hearing") at which the Debtor *pro se* and the Trustee appeared and were heard.  After consideration of the relevant factors and the entire record, and for the reasons stated below, the Debtor's motion to dismiss her Chapter 7 case is granted.

<u>Background</u>

The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on October 6, 2005.  The Debtor had not previously filed for relief under the Bankruptcy Code.  At the time of filing the Chapter 7 petition, the Debtor was not represented by counsel.  The Debtor's schedules show assets of $355, consisting of clothing, bedroom furnishings, and $5.00 in pocket cash.  *See* Schedule B.  The Debtor's schedules list no secured debt, and unsecured debt in the amount of $52,567.81.  *See* Schedules

D, F. The Debtor lists her granddaughter as her dependent, and states that she has monthly income of approximately $800 and monthly expenses of $1,306. *See* Schedules I, J.

The Debtor seeks the dismissal of her bankruptcy case on grounds that at the time she filed her bankruptcy petition, she "was not aware of what [she] was doing due to circumstances out of [her] control" and that "[she] did not understand what [she] was doing." Application in Support of Motion at 1. She also states that if she had understood the consequences of a bankruptcy case, "[she] would not have filed for bankruptcy." *Id*. The Debtor's creditors received notice of the Motion, and have not objected to the dismissal of this case.

The Trustee opposes the Motion on grounds that at the Section 341 meeting of creditors, he learned that the Debtor had suffered a recent injury and had a potential personal injury claim which she had not scheduled as an asset, and which could provide a significant distribution to the Debtor's creditors. The Trustee states:

> [b]ecause the case involved serious injury to the Debtor, [the Trustee] believes that the personal injury action is likely to result in a recovery sufficient to pay a substantial dividend to the Debtor's creditors and may even provide a surplus to the Debtor.

Opposition ¶ 2. The Trustee also opposes the Debtor's alternative relief of conversion to Chapter 13 on grounds that "[s]he has almost no income and no disposable income above her expenses." Opposition ¶ 5.

At the January 17 Hearing, the Debtor stated that she prepared her petition and schedules and commenced her bankruptcy case without the benefit of legal advice, and did not understand the legal and practical consequences of her actions. The Debtor also stated that she was not aware that her personal injury claim was an asset of her bankruptcy estate, or that it was required to be listed on her schedules. In that regard, the Debtor stated, and the Trustee does not dispute,

2

that when the Debtor was questioned by the Trustee at the Section 341 meeting of creditors held on November 17, 2005, she answered honestly and in a forthcoming manner, and did not intend to conceal the personal injury claim from the Trustee or her creditors. In addition, the Trustee stated that in response to his request, the Debtor promptly contacted the attorney representing her with respect to her personal injury claim and directed him to cooperate with the Trustee. Finally, the Debtor stated, and provided documents to show, that at and around the time that she prepared and filed her bankruptcy petition and schedules, she was experiencing significant hardship and extreme duress in her personal life.

Also at the January 17 Hearing, the Debtor stated that she had additional reasons for requesting dismissal of her Chapter 7 case not set forth in her Motion. In particular, the Debtor stated that she is a victim of domestic violence and currently resides in a shelter. The Debtor indicated that she is concerned for her personal safety and intends to relocate outside of the jurisdiction of the Court as promptly as she is able to do so. The Debtor provided documents, including police reports and a letter from a victim assistance agency, in support of these matters.

Finally, at the January 17 Hearing, the Debtor stated that she was in the process of contacting her creditors to work out repayment plans or other arrangements as an alternative to bankruptcy.

Discussion

A debtor who has filed a petition under Chapter 7 of the Bankruptcy Code, unlike a debtor who has filed a petition under Chapter 13, does not have an absolute right to obtain the dismissal of his or her case. *See In re Watkins*, 229 B.R. 907, 908 (Bankr. N.D. Ill. 1999). Rather, Section 707(a) of the Bankruptcy Code provides that a court may dismiss a Chapter 7

case only after notice and a hearing, and only "for cause." 11 U.S.C. § 707(a). "Although [Section 707(a)] does not expressly refer to a voluntary dismissal by the debtor, courts commonly conclude that it does apply to such a motion." *Turpen v. Eide (In re Turpen)*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000).

Section 707(a) lists three examples of "cause" that warrant dismissal. They are:

> (1)    unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2)    nonpayment of any fees and charges required under chapter 123 of title 28; and
>
> (3)    failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States Trustee.

11 U.S.C. § 707(a). These examples are illustrative, not exhaustive. *See* 6 COLLIER ON BANKRUPTCY, ¶ 707.03[1] at 707-15 (15th ed. rev. 2001).

In determining whether cause to dismiss exists, the court must consider the interests of both the debtor and his or her creditors. As noted by the court in *Dinova v. Harris (In re Dinova)* 212 B.R. 437 (B.A.P. 2d Cir. 1997):

> "As to a debtor, best interest lies generally in securing an effective fresh start upon discharge and in the reduction of administrative expenses leaving him with resources to work out his debts. As to creditors, the issue is one of prejudice, and if delay is said to have prejudiced them, whether, as § 707(a) provides, the delay has been unreasonable. They are generally not prejudiced by dismissal since they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims. But creditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. A prejudicial delay also creates the appearance that such an abusive practice is implicitly condoned by the Code. *In re Klein*, 39 B.R. [530 (Bankr. E.D.N.Y. 1984)] at 533."

*In re Dinova,* 212 B.R. at 441 (quoting *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y.

1986)). This determination is guided by equitable considerations and committed to the sound discretion of the bankruptcy court. *In re Foster*, 316 B.R. 718, 720 (Bankr. W.D. Mo. 2004).

A debtor's motion to dismiss has been denied where, for example, the debtor seeks to gain a tactical advantage in litigation to the detriment of a creditor and then to refile. *See In re Hopkins*, 261 B.R. 822, 823-24 (Bankr. E.D. Pa. 2001). Dismissal was also denied where a debtor sought to dismiss and refile when certain tax liabilities would become dischargeable. *See Leach v. I.R.S. (In re Leach)*, 130 B.R. 855, 856-58 (B.A.P. 9th Cir. 1991).

Here, the record shows that the interests of the Debtor support the dismissal of this bankruptcy case. On the one hand, by dismissing her case, the Debtor will lose the opportunity to benefit from a discharge of her debt and the opportunity for a "fresh start". But on the other, the Debtor has indicated that when she filed her bankruptcy petition, she did not fully understand the legal and practical consequences of commencing a bankruptcy case. She has also stated that if she had been able to make an informed decision, she would not have filed a bankruptcy petition. The Debtor has further stated that she no longer desires to pursue her case, that she is progressing on working out payment arrangements with her creditors, and that her personal situation and concern for her personal safety require her to relocate outside of this District.

As a *pro se* debtor who had not previously sought bankruptcy relief, the Debtor did not have easy access to resources and advice about the consequences of commencing a Chapter 7 bankruptcy case. Concerns about her personal safety may also have overwhelmed her ability fully to address the issues associated with deciding to seek relief under the Bankruptcy Code. *See In re Guth*, 2002 Bankr. LEXIS 1553, *25 (Bankr. D. Id. 2002) (the debtor's sophistication and ability to appreciate what he or she was doing are relevant to whether to dismiss the debtor's

Chapter 7 case).

The Court must also consider whether the interests of creditors will be prejudiced by dismissal. Creditors may be prejudiced where a substantial amount of time has passed, or the debtor has engaged in wrongdoing or inequitable conduct. *See, e.g., In re Turpen*, 244 B.R. at 435 ("creditors can incur prejudice if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them"); *In re Klein*, 39 B.R. 530, 533 (Bankr. E.D.N.Y. 1984) (creditors would be prejudiced by dismissal where the debtor supplied inaccurate information in his petition and where two years have passed since the debtor's filing). *See also In re Leach*, 130 B.R. at 857 ("[A] voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no 'legal prejudice' to interested parties." (quoting *In re Int'l Airport Inn P'ship*, 517 F.2d 510, 512 (9th Cir. 1975))).

Here, the record shows that the interests of creditors will not be prejudiced by the dismissal of this case, for several reasons. First, the record shows that the Debtor did not delay in seeking the dismissal of this case, nor does she appear to have used the bankruptcy process improperly to thwart the efforts of her creditors to collect from her. The Debtor filed her bankruptcy petition on October 6, 2005, and attended her Section 341 meeting of creditors on November 17, 2005. The Debtor filed her motion to dismiss less than four weeks later, on December 12, 2005, and approximately two months after filing her petition. As noted above, both the Bankruptcy Code and courts have concluded that the element of delay is one of the most significant indicators of whether a creditor's interests have been prejudiced. *See* 11 U.S.C. § 707(a)(1); *In re Schwartz*, 58 B.R. at 925; *In re Turpen*, 244 B.R. at 435; *In re Klein*, 39 B.R. at

533.  Here, that element is not present.

Second, the record suggests that even the most diligent and efficient efforts of the Trustee would nevertheless lead to some delay in a distribution to creditors through the administration of the bankruptcy estate.  The record shows that the Debtor's bankruptcy estate would have but a single asset, her personal injury claim, and does not indicate what the value of that claim might be, or whether an action on that claim has been commenced.  And even if, as the Trustee argues, "the [Debtor's] personal injury action is likely to result in a recovery sufficient to pay a substantial dividend to the Debtor's creditors and may even provide a surplus to the Debtor," that does not establish that the interests of creditors will be prejudiced by the dismissal of this action.  Opposition ¶ 2.  As the court found in *In re Schwartz*, "[creditors] are not generally prejudiced by dismissal since they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims."  58 B.R. at 925.  That is, it is the reasonable pre-petition legal expectations and entitlements of a debtor's creditors that should be considered in the context of a debtor's timely motion to dismiss, not the loss of an opportunity to receive a distribution through the bankruptcy process.  *See In re Leach*, 130 B.R. at 857 ("'plain legal prejudice'" must be considered).

Finally, the record does not show, or even suggest, that the Debtor has abused the bankruptcy process.  Nor does it appear that the Debtor engaged in wrongdoing or failed to account honestly for her assets.  Rather, the record suggests that she was forthcoming when questioned by the Trustee at the Section 341 meeting of creditors, and responded promptly to his requests to follow up with her personal injury counsel.  If a debtor calls upon the protections of the bankruptcy process for an improper, fraudulent, or deceptive purpose, then those

7

circumstances may well have a role in the determination of a debtor's application to dismiss his or her case. But where, as here, there is no evidence of bad faith or abuse, then such considerations do not enter into the exercise of the Court's discretion in determining the fate of the case.

## Conclusion

Based on the entire record, the Court concludes that the Debtor has established cause to dismiss her Chapter 7 bankruptcy case. An Order in accordance with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
      February *22*, 2006

     *s/Elizabeth S. Stong*
     ELIZABETH S. STONG
     UNITED STATES BANKRUPTCY JUDGE